**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TERRELL STATON, | : | |
| Petitioner, | : | |
| | : | PRISONER |
| v. | : | 11cv1525 (MRK) |
| | : | |
| JOHN BRIGHTHAUPT, | : | |
| Respondent. | : | |

**MEMORANDUM OF DECISION**

Petitioner Terrell Staton commenced this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. *See* Pet. [doc. # 1]. He challenges his state court conviction for sale of narcotics, sale of narcotics within 1500 feet of a school, possession of narcotics, and possession of narcotics within 1500 feet of a school.

Three motions are currently pending before the Court. Respondent John Brighthaupt moves to dismiss the Petition on the grounds that Mr. Staton has not exhausted his state court remedies with regard to many of the grounds for relief and that his remaining claims are meritless. *See* Resp't's Mot. to Dismiss [doc. # 15]. In response, Mr. Staton has filed a motion to stay the case to enable him to return to state court and exhaust his remedies and a motion for clarification in which he asks the Court to excuse the exhaustion requirement. *See* Mot. to Stay Case [doc. # 19]; Mot. for Clarification [doc. # 20]. For the reasons that follow, Mr. Brighthaupt's motion is granted and Mr. Staton's motions are denied.

**I.**

Following a jury trial in the Connecticut Superior Court for the Judicial District of Danbury, Mr. Staton was found guilty of sale of narcotics, sale of narcotics within 1500 feet of a school, possession of narcotics, and possession of narcotics within 1500 feet of a school. He was

1

sentenced to a total effective term of imprisonment of twenty years, execution suspended after twelve years, followed by five years probation.

On direct appeal, Mr. Staton challenged his conviction on two grounds: that the trial court improperly denied his motion to suppress evidence obtained after his detention because the police did not have a reasonable suspicion of criminal conduct to support the stop and that his subsequent detention by the police was unconstitutionally prolonged. The Connecticut Appellate Court affirmed the conviction and the Connecticut Supreme Court denied certification. *See Connecticut v. Staton*, 120 Conn. App. 497, 499 (Conn. App. Ct.), *cert. denied*, 297 Conn. 911 (2010).

In 2008, Mr. Staton filed a federal civil rights action, in which a jury returned a verdict in favor of the defendant. *See* Judgment, *Staton v. Connecticut*, 3:08cv142 (JCH) (D. Conn. Aug. 31, 2011) ECF No. 295. In 2009, Mr. Staton filed a state habeas corpus action challenging a different conviction from the one challenged here. Mr. Staton never filed a state habeas actions challenging the conviction that is the subject of his federal petition. He did, however, seek review of his sentence with the Sentence Review Division of the Superior Court. Mr. Staton's sentence was affirmed on November 23, 2010, and he did not seek appellate review of that decision.

## II.

Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

A.

When evaluating whether state court remedies have been exhausted, the Second Circuit requires district courts to conduct a two-part inquiry. First, the court must determine whether the petitioner has presented the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, a court must assess whether the petitioner has properly exhausted, by "fairly presenting," his claim to the state courts. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

Mr. Staton purports to challenge his conviction on four grounds—each of which includes several claims. Ground One includes "unconstitutional seizure, wrongful arrest, racial profiling, fruit from the forbidden tree doctrine negated wrongfully, vindictive bias and malicious prosecution"; Ground Two includes the claims that the "witness [was] not thoroughly cross-examined, quantity amount of drugs was altered, payment of currency exceeded quantity of drugs 5 to 1, phone [numbers] were evasive to investigating officers['] scope of arrest, witness passenger contradict[ed] buying any drugs, witness admitted to owing debt Mr. Staton, witness['s] prior arrest history not crossed appropriately"; Ground Three includes "double jeopardy" and "illegal sentencing"; Ground Four includes "omitted evidence, violat[ions of] due process and newly found evidence was found on dispatch recording that the black male exited the vehicle." Pet. [doc. # 1] at 9, 11, 13, 15. Mr. Staton alludes to other claims throughout his petition. *See* Pet. [doc. # 1-1] at 2 (including "ineffective assistance of counsel," "tainted jury," and "prejudiced and bias[ed] judicial conduct").

Mr. Staton has presented only two claims to the Connecticut Supreme Court: the denial of his motion to suppress on the basis that the police did not have a reasonable suspicion of criminal conduct to support the stop and the subsequent length of his detention. The Court

concludes that these two claims are included in the first ground for relief as the references to unconstitutional seizure and the fruit from the forbidden tree doctrine. None of the other claims have been presented to the Connecticut Supreme Court. As a result, Mr. Staton's Petition is a mixed one, as it contains both exhausted and unexhausted claims.

Federal district courts are required to dismiss mixed petitions. *See Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy* 455 U.S. 509, 510, 522 (1982)). Meanwhile, in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), Congress amended the habeas corpus statutes to impose a one-year limitations period on applications for a writ of habeas corpus by a person in state custody. The combined effect of the limitations period and the requirement that mixed petitions be dismissed can result in the petitioner's loss of all of his claims, including those for which he has exhausted his state remedies, because the limitations period may expire while the petitioner returns to state court to pursue his state court remedies on the unexhausted claims.

To address this problem, the Second Circuit directed district courts not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having the exhausted claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-82 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

When the Supreme Court considered the stay and abeyance approach to dealing with mixed petition, it noted that frequent use of the stay and abeyance procedure would undermine AEDPA's purposes of encouraging finality and streamlining federal habeas proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Thus, the Supreme Court held that stay and abeyance should be available only in limited circumstances where the petitioner can present

good cause for failing to exhaust state remedies and the unexhausted claims are meritorious. The Supreme Court noted, however, that if a court decides not to stay the case and a future petition may be time-barred, it should permit the petitioner to withdraw the unexhausted claims and proceed only on the exhausted claims. *See id.* at 278.

There is a real possibility that Mr. Staton's exhausted claims may be barred from federal review if his mixed Petition is denied. The Connecticut Supreme Court denied certification in Mr. Staton's direct appeal on June 9, 2010. Mr. Staton's conviction became final, and the limitations period commenced, on September 7, 2010, at the expiration of the ninety-day period within which Mr. Staton could have filed a petition for certiorari with the United States Supreme Court. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (finding that the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the time within which a petition for certiorari could have been filed), *cert. denied*, 534 U.S. 924 (2001). Although Mr. Staton signed his federal habeas petition on July 7, 2011 and presumably gave it to correctional officials for mailing to the Court on that date, *see Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1983), the filing of a federal habeas petition does not toll the limitations period, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, the limitations period expired on September 7, 2011, one year after Mr. Staton's conviction was finalized.

Mr. Staton states that he sought review of his sentence with the Sentence Review Division of the Superior Court and that his sentence was affirmed on November 23, 2010.[1] No appeal is allowed from a decision of the Sentence Review Division, *see Connecticut v. Nardini*, 187 Conn. 109, 117 (1982) ("[N]either the state nor the defendant may appeal from the decision

---

[1] Mr. Brighthaupt does not discuss this earlier petition, and no copy of the decision is attached to Mr. Staton's Petition.

of the sentence review division . . . ."), nor has Mr. Staton attempted to file an appeal. Therefore, even if the Court were to consider the limitations period as commencing on November 23, 2010, the period has still has expired, and Mr. Staton's non-exhausted claims are barred.

Mr. Staton's main argument on this issue is that the exhaustion requirement should be excused, due primarily to the delays he has encountered in state court. He states that his current habeas petition, filed in 2009, has only just concluded at the trial level.[2] Mr. Staton also argues that exhaustion should be excused because his direct appeal was pending for nearly three years.

The exhaustion requirement may be excused if there is an absence of state corrective procedures or circumstances exist rendering such state procedures ineffective to protect a petitioner's rights. *See* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Some courts have held that an extraordinary delay in state proceedings may excuse exhaustion of state remedies. For example, the Second Circuit has held that a six year delay in processing a then-still-pending appeal, accompanied by a petitioner's repeated requests to the state court and his attorney to expedite the appeal, rendered the state process ineffective. *See Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990) (noting also that release from custody is an extraordinary remedy and that the appropriate disposition of a delayed appeal would be to grant an alternative writ ordering the state to prosecute the pending appeal within a reasonable amount of time).

However, Mr. Staton's argument is misdirected. If his direct appeal had been pending for an extraordinarily long time, Mr. Staton would have been able to argue that he should be excused from exhausting his state court remedies on the claims asserted on direct appeal. But that is not the case here: his appealed claims addressed have been evaluated and are now considered

---

[2] Although Mr. Staton also states that he withdrew a habeas action, filed in 2000, after four years, the Connecticut Judicial Branch website reveals no other habeas petition challenging a conviction and Mr. Brighthaupt states that he cannot locate one.

exhausted. Instead, Mr. Staton argues that he should not be required to *attempt* to exhaust his other, non-exhausted state court remedies because a state habeas proceeding *might* result in a lengthy process. This is insufficient to demonstrate good cause for failure to exhaust the claims.[3] *See Argiros v. Torres*, No. 3:09cv1088 (AWT), 2010 WL 2377111, at *2 (D. Conn. Jun. 10, 2010) ("The fact that the petitioner does not trust the state courts is not a sufficient reason to excuse exhaustion of his claim.").

Mr. Staton also argues that the Court should have construed his separate federal civil rights action as a habeas corpus petition. The Court has reviewed the third and fourth amended complaints in the civil rights action and determined that the allegations therein are unrelated to the crimes underlying the conviction being challenged here. *See* Third Am. Compl., *Staton v. Connecticut*, 3:08cv142 (JCH) (D. Conn. May 15, 2009) ECF No. 68; Fourth Am. Compl., *Staton v. Connecticut*, 3:08cv142 (JCH) (D. Conn. May 13, 2011) ECF No. 235. Even if the complaint were related to this action, the case was filed in federal court and, therefore, would not satisfy Mr. Staton's obligation to exhaust his state court remedies.

Mr. Brighthaupt urges the Court to dismiss the Petition in part because many claims are not exhausted and argues that the exhaustion requirement should not be excused in this case, as Mr. Staton cannot demonstrate good cause for his failure to exhaust state remedies. The Court agrees. Because there is no showing of good cause, a stay is not warranted. *See Rhines*, 544 U.S. at 277. Thus, the Court need not determine whether any of the unexhausted claims have merit.

---

[3] The precise definition of the "good cause" required under *Rhines* is unclear. *See Thomas v. Conway*, No. 08-CV-6263 (CJS) (VEB), 2009 WL 414011, at *3-4 (W.D.N.Y. Feb. 18, 2009) (discussing various interpretations of the *Rhines* good cause requirement).

B.

As the Court has concluded that stay and abeyance is not warranted in this case, Mr. Staton is permitted to withdraw all unexhausted claims and proceed only on the exhausted claims. *See id.* at 278. Mr. Staton has expressed an interest in doing so.

Both of Mr. Staton's exhausted claims—the denial of his motion to suppress on the basis that the police did not have a reasonable suspicion of criminal conduct to support the stop and an unconstitutionally long detention—assert violations of his Fourth Amendment rights. In certain circumstances applicable here, Fourth Amendment claims are not cognizable on federal habeas corpus review. *See Stone v. Powell*, 428 U.S. 465 (1976). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482; *accord Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007) (reaffirming that, under *Stone*, "Fourth Amendment violations are *generally* not cognizable on federal habeas, but they *are* cognizable when the State has failed to provide the habeas petition an opportunity for full and fair litigation of a Fourth Amendment claim" (quotation marks omitted) (emphasis in original)).

In evaluating whether Fourth Amendment claims should be cognizable in habeas actions, the Supreme Court weighed the justifications for and costs of the exclusionary rule. The primary justification for the exclusionary rule is to deter police conduct that violates a criminal defendant's Fourth Amendment rights. *See Stone*, 428 U.S. at 486. One of the costs of the rule is the exclusion of evidence that "is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant." *Id.* at 490. The Court determined that application of the exclusionary rule "deflects the truth-finding process and often frees the guilty."

*Id.* Ultimately, the Court concluded that the disincentive to police misconduct created by application of the exclusionary rule at trial would not be enhanced by continued application of the rule on federal habeas corpus review occurring many years after trial. *See id.* at 493.

Following *Stone*, the Second Circuit noted that the state is only required to provide an "opportunity" for the criminal defendant to obtain a full and fair litigation of the Fourth Amendment claim. *See Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Thus, review of Fourth Amendment claims in federal habeas petitioner is warranted only in two instances: first, "if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations"; second, "if the state has provided a corrective mechanism, but the [petitioner] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Id.* Whether Mr. Staton took full advantage of the opportunity to litigate his Fourth Amendment claims is irrelevant; the bar to federal habeas review of Fourth Amendment claims is insurmountable as long as the state provided a full and fair opportunity for petitioner to litigate that claim. *See Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002).

The Connecticut Practice Book sets forth the procedures for filing a motion to suppress evidence obtained as a result of an allegedly illegal search or seizure, *see* Conn. Practice Book §§ 41-12 through 41-17, and Mr. Staton does not argue that he was unable to file a motion to suppress evidence. Rather, he argues that the state court decided the motion incorrectly. Thus, the Court concludes that Mr. Staton cannot meet the first *Capallan* exception that would enable this Court to review these claims.

The second exception requires a petitioner to demonstrate "an unconscionable breakdown" in the process. *Capellan*, 975 F.2d at 70. An "unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained

pursuant to those fundamental notions of due process that are at the heart of a civilized society." *Cappiello v. Hoke*, 698 F. Supp. 1042, 1050 (E.D.N.Y.) (mentioning, as examples of such breakdowns, the act of bribing trial judge, the government's knowing use of perjured testimony, and extracting a guilty plea by torture), *aff'd*, 852 F.2d 59 (2d Cir. 1988); *accord Capellan*, 975 F.2d at 70 (observing that an "unconscionable breakdown" must entail some sort of "disruption or obstruction of a state proceeding"). Thus, the inquiry must focus on "the existence and application of the *corrective procedures* themselves" and not on the "*outcome* resulting from the application of adequate state court corrective procedures" to determine whether an unconscionable breakdown has occurred. *Capellan*, 975 F.2d at 71 (emphasis in original).

Mr. Staton availed himself of the state process by litigating his Fourth Amendment claims at trial. His disagreement with the state court's rulings "is not the equivalent of an unconscionable breakdown in the state's corrective process." *Id.* at 72; *see also Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977) ("*Stone* . . . holds that we have no authority to review the state record and grant the writ simply because we disagree with the result reached by the state courts."), *cert. denied*, 434 U.S. 1038 (1978). The Court concludes that Mr. Staton was not denied a full and fair opportunity to litigate his Fourth Amendment claims, and therefore his two exhausted claims are not cognizable in a federal habeas corpus action. As a result, even if Mr. Staton were allowed to proceed only on the exhausted claims, the Petition would be denied.

## III.

For the above reasons, Mr. Brighthaupt's Motion to Dismiss [doc. # 15] is GRANTED and Mr. Staton's Motion for Stay and Abeyance [doc. # 19] and Motion to Clarify [doc. # 20] are both DENIED.

Because reasonable jurists would not find the Court's conclusions debatable, a certificate

of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). **The Clerk is directed to enter judgment and close this case.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz_____
        United States District Judge

Dated at New Haven, Connecticut: April 4, 2012.